# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**MARYLAND SHALL ISSUE, INC.,** *et al.,*
**9613 Harford Rd., Ste C #1015**
**Baltimore, Maryland 21234-2150,**

    ***Plaintiffs,***     No. 23-1351

        **v.**

**ANNE ARUNDEL COUNTY,**
**MARYLAND**
**44 Calvert Street**
**Annapolis, MD 21401,**

    ***Defendant.***

## PLAINTIFFS' OPPOSITION TO THE MOTIONS OF CERTAIN PROPOSED AMICI TO FILE AMICI BRIEFS

Plaintiffs respectfully submit this opposition of several proposed amici for leave to file an amicus brief in the above-captioned action. Specifically, this opposition applies to the motion for leave to file an amicus brief filed by the Constitutional Accountability Center (Dkt.#27), by the Gun Owners for Safety (Dkt. #33), and by Dorothy Paugh, *et. al.* (Dkt. #41). The opposition does not apply to the other amicus briefs the filing of which received consent from plaintiffs, including amicus briefs filed by the Brady Center, et al., (Dkt. #38), by the American Medical Association, *et al.,* (Dkt. #36), and by Dr. Matthew Miller, *et. al.* (Dkt. #37). The

1

State of Maryland has filed an amicus brief of right under Rule 29(a)(2), FRAP. All other proposed amici in this case were required to obtain consent of the parties.

The obvious question is why have plaintiffs consented to some amici and not to others. The answer is simple and contained in the exchange of emails between counsel for plaintiffs and lead counsel for the appellee, Anne Arundel County, Md. ("the County"). In that email, counsel for the County requested consent for all the amici and, in response, undersigned counsel for plaintiffs stated:

> I got an email from one such amicus. This was my response:
>> Please bear in mind that I will file a motion to strike or otherwise object to any amicus brief that raises new arguments not raised by the parties. See, e.g. Cellnet Communs. v. FCC, 149 F.3d 429, 443 (6th Cir.1998)(holding that "[t]o the extent that the amicus raises issues or make arguments that exceed those properly raised by the parties, [the Court] may not consider such issues"). Since you cannot assure me that your brief will conform to this rule, I cannot consent to it.
>
> So, if I get that assurance from the counsel of amici, I will consent**.**

The proposed amici who provided that assurance received consent from plaintiffs. Those that failed to provide that assurance did not. It should be obvious that the refusal to provide consent had nothing to do with the identity of the proposed amici.

Withholding consent for a failure to provide the requested assurance is reasonable. Proper amici briefs may be valuable to the Court, but there are limits, and those limits are defined by the issues and arguments brought to the Court *by the parties*. Counsel for plaintiffs has neither the resources nor inclination to devote limited and valuable briefing space to arguments or issues not properly before the

Court. As the Sixth Circuit stated in *Cellnet Comms. v. FCC*, 149 F.3d 429, 443 (6th Cir.1998) (cited in the email), "[w]hile an amicus may offer assistance in resolving issues properly before a court, it may not raise additional issues or arguments not raised by the parties." That holding remains the law in the Sixth Circuit. *F.P. Development, LLC v. Charter Township*, 116 F.4th 198, 203 (6th Cir. 2021). The same rule generally obtains (more or less) in the Supreme Court. See *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 60 n.2 (1981) (declining to consider an amicus' argument "since it was not raised by either of the parties here or below").

This rule comports with the general principle that "'[t]he named parties should always remain in control, with the amicus merely responding to the issues presented by the parties.'" *Waste Mgmt of Pa., Inc. v. City of York,* 162 F.R.D. 34, 36 (M.D.Pa.1995). See also *Lehman XS Trust v. Greenpoint Mortgage Funding, Inc*. 2014 WL 265784 at *2 (S.D.N.Y. 2014) (collecting case law); *Tafas v. Dudas*, 511 F.Supp.2d 652, 660 (E.D. VA. 2007) ("The Court agrees that it may not consider legal issues or arguments not raised by the parties.").

Other circuits are in accord. See, e.g., *United States v. Sturm, Ruger & Co., Inc.*, 84 F.3d 1, 6 (1st Cir.1996), *cert. denied*, 519 U.S. 991 (1996) ("an amicus cannot introduce a new argument into a case"); *Eldred v. Reno*, 239 F.3d 372, 378 (D.C. Cir. 2001) (argument raised only by amicus "is not properly before us"); *Zango, Inc. v. Kaspersky Lab, Inc*., 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("An

amicus curiae generally cannot raise new arguments on appeal."); *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1049 (5th Cir. 1993) ("We are constrained only by the rule that an amicus curiae generally cannot expand the scope of an appeal to implicate issues that have not been presented by the parties to the appeal."); *Tyler v. City of Manhattan*, 118 F.3d 1400, 1404 (10th Cir. 1997) (the court will not "reach out to decide issues advanced not by the parties but instead by amicus"). Plaintiffs have not found a reported decision of this Court addressing this principle, but the rule is sound and should be expressly followed in this Circuit as well. This case offers an opportunity for the Court to do so.

Lead counsel for the County presumably communicated this principle to counsel for all the proposed amici and several amici provided the requested assurance to undersigned counsel. Those assurances from officers of this Court were accepted at face value and consent was given. Counsel for the other proposed amici did not provide such assurance and thus no consent was given. The failure to provide this assurance should likewise be taken at face value, *viz*., to mean that such counsel for these amici desired to raise new arguments or issues not raised by the parties.

A brief examination of the proffered briefs supports that conclusion. For example, the amicus brief of amici Dorothy Paugh, Gwendolyn Lacroix, Cheryl Brooks, Don Baughan, and Patti Brockington was filed for the purpose of sharing the heartbreaking stories of suicide suffered by the amici and their families, literally

"the worst days of amici's lives." (Br. at 19). It is impossible not to be moved by these stories of grief. But this naked appeal to emotion, while very human and perfectly understandable, is designed to influence the outcome of this appeal and thus is unfairly prejudicial to plaintiffs for that reason. See Rule 403, Fed. Rules of Evidence; *United States v. Mohr*, 318 F.3d 613, 619-20 (4th Cir. 2003) (Rule 403 "requires suppression of evidence that results in unfair prejudice—prejudice that damages an opponent for reasons other than its probative value, *for instance, an appeal to emotion*") (emphasis added). This proposed amicus brief has no probative value on the legal issues before the Court, goes beyond the issues raised by the parties and does not promote a sound and reasoned analysis or decision in this case. The Court should therefore reject it as inappropriate under Rule 29(a)(3)(B), FRAP.

Similarly, the amicus brief for Gun Owners for Safety, an organization affiliated with Giffords (a well-known, national gun control advocacy group), argues that gun industry members and gun owners support the County's ordinance challenged in this case. But that contention is irrelevant to the claims and arguments raised by parties. The First Amendment is not a popularity contest. As the Supreme Court recently stated, "our 'leading First Amendment precedents … have established the principle that freedom of speech prohibits the government from telling people what they must say.'" *303 Creative LLC v. Elenis*, 143 S.Ct. 2298, 2317 (2023). That right does not depend in the slightest on whether other people agree with

plaintiffs. The attempt to portray plaintiffs as some sort of outliers is both inappropriate and an irrelevant distraction from the important constitutional issues before the Court. The Gun Owners for Safety's amicus brief thus fails the requirements imposed by Rule 29(a)(3)(B), FRAP. Responding to these arguments would waste plaintiffs' limited resources and consume briefing space more appropriately allotted to the issues properly before this Court and is thus prejudicial to plaintiffs.

The Constitutional Accountability Center at least offers legal arguments, but nearly all its arguments are virtual clones of the arguments presented by the County. Thus, the proposed brief does nothing but burden the Court and the parties with a repetitious and unnecessary brief. See, e.g., *Wheelabrator Baltimore, L.P. v. Mayor and City Council of Baltimore*, 449 F.Supp.3d 549, 555 n.1 (D.MD. 2020) (relying on Rule 29, FRAP, and refusing to accept proposed amicus briefs from advocacy groups where the "proposed amici briefs did not provide any legal analysis beyond arguments raised in parties' briefs and were not necessary to Court's determination of legal issues at hand."). Amicus briefs are appropriate where they provide "helpful analysis of the law" on the issues raised, where amici have some "special interest" in the subject matter or where "existing counsel is in need of assistance." Id. None of those considerations obtain with respect to the Center's proposed brief.

Moreover, the Center advances the remarkable argument that the compelled speech at issue in this case is not a constitutional concern because it does "not force plaintiffs to convey a message fundamentally at odds with their mission as politically contested as state-sponsored abortion services." Br. at 11. Not even the County makes such a bold claim. There is no hierarchy in the beliefs protected by the First Amendment right "not to speak." The right "not to speak" needs no justification. The suggestion that plaintiffs' First Amendment rights are somehow less important because this case arises outside the abortion context is not only irrelevant and wrong, but also condescending as well. The Center's brief is improper under Rule 29(a)(3)(B) and responding to it would prejudice plaintiffs in the same manner noted above.

## CONCLUSION

The motions to file the amicus briefs of the foregoing amici should be denied.

Respectfully submitted,

*/s/ Mark W. Pennak*

MARK W. PENNAK
Maryland Shall Issue, Inc.
9613 Harford Rd., Ste C #1015
Baltimore, MD 21234-21502
Dated: July 24, 2023.          mpennak@marylandshallissue.org