Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York NY 10104
212.390.9000

Andrew R. Dunlap
Partner
212.390.9005
adunlap@selendygay.com



July 26, 2023

Via ECF

Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

**Re:** *Maryland Shall Issue, Inc. v. Anne Arundel County Maryland*, No. 23-1351 (4th Cir. 2023)

Dear Ms. Connor,

Selendy Gay Elsberg PLLC represents Dorothy Paugh, Gwendolyn La Croix, Cheryl Brooks, Don Baughan, and Patti Brockington, *amici curiae* who have submitted a brief in support of Appellees and affirmance in the above-referenced matter. *See* Dkt. 42 (the "Survivors' Brief"). We write on behalf of these *amici* to request that the Court accept the Survivors' Brief for filing.

Counsel for *amici* requested consent to file the Survivors' Brief from counsel for Appellants on July 14, 2023. Counsel for Appellants stated that Appellants would not provide consent unless counsel for *amici* confirmed that the brief would not expand the record and would not raise new issues on appeal. ounsel for *amici* provided the requested confirmation, and on July 17, 2023, counsel for Appellants granted consent to file the Survivors' Brief. *See* Exhibit A at 2 (July 17, 2023, Email from M. Pennak to V. Tata).

The Survivors' Brief was timely filed on July 17, 2023, and both the brief and the accompanying motion noted that the brief was filed with consent from all parties. *See* Dkts. 41 at 2, 42 at 1. Nevertheless, on July 18, 2023, an order issued requesting that Appellants respond to the motion to file the Survivors' Brief. *See* Dkt. 44. Counsel for *amici* contacted your office and were informed that this order was likely the result of an inadvertent docketing error, and that the Survivors' Brief (like other briefs filed on consent) should have been accepted for filing without response from either party. *See, e.g.*, Dkt. 43.

Before that error could be addressed, on July 24, 2023, Appellants filed a motion opposing filing of three *amicus* briefs, including the Survivors' Brief (the "Opposition"). In the Opposition, Appellants state that they did not consent to the

Patricia S. Connor

filing of the Survivors' brief. *See* Dkt. 46-1 at 2-4. This is wrong. As shown in the attached correspondence, counsel for *amici* sought and received consent to file, in writing.

The next day, counsel for *amici* reached out to Mark Pennak, counsel for Appellants, to understand the basis for Appellants' Opposition, and proposed that the parties file a joint letter withdrawing the Opposition to the Survivors' Brief. Mr. Pennak acknowledged that he had consented to the Survivors' Brief. *See* Exhibit A at 1. But he has refused to withdraw the Opposition on the basis that he believes "the survivors brief does in fact raise new issues." *Id.*

Appellants' Opposition to the motion to file the Survivors' Brief should be denied as both procedurally improper and substantively wrong. *First*, Appellants should not have been permitted to oppose filing of the Survivors' Brief in the first place because they granted consent to file. And, having granted consent to file the Survivors' Brief, Appellants should not have opposed its filing after the fact, based on the false premise that they had not consented.

*Second*, Appellants' Opposition is conclusory and states no basis on which the Court should decline to accept the Survivors' Brief. Appellants assert that the Survivors' Brief is "designed to influence the outcome of this appeal" and is persuasive because it relates the stories of those who have first-hand experience with firearm suicide. *See* Opposition at 5. But the fact that an *amicus* brief in support of a party is persuasive and thus may "influence the outcome" of an appeal is hardly a reason to reject it. Appellants' citation to the Rules of Evidence are inapposite: the Survivors' Brief does not purport to supplement the evidentiary record in this case.

Appellants also vaguely assert that the Survivors' Brief introduces new issues—but Appellants do not identify a single one. *See* Opposition at 5. Nor could they. The Survivors' Brief addresses only the issues on appeal, offering a unique perspective on the potential impact of the ordinance at issue. Similar *amicus* briefs describing the individual experiences of *amici* with issues on appeal have been accepted by this Court and the United States Supreme Court. *See, e.g.*, Brief of SEIU et al. as *Amici Curiae* Supporting Respondents, *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S.Ct. 1891 (2020) (Nos. 18-587, 18-588, 18-589) (describing individual stories of DACA recipients); Brief of March for Our Lives Action Fund as *Amicus Curiae* Supporting Respondents, *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct. 2111 (2022) (No. 20-843) (describing experiences of individuals who have been affected by gun violence); Brief of 78 Female Athletes et al. as *Amici Curiae* Supporting Appellees, *B.P.J. v. West Virginia State Bd. of Educ.*, No. 23-1078 (4th Cir. May 3, 2023), 2023 WL 3306328 (describing experiences of female athletes, coaches, sports officials, and parents of female athletes).

For the foregoing reasons, we respectfully request that the Court accept the Survivors' Brief for filing.

2

Patricia S. Connor

Sincerely,

　/s/ *Andrew R. Dunlap*

Andrew R. Dunlap
*Counsel for Amici Curiae* Dorothy Paugh, Gwendolyn La Croix, Cheryl Brooks, Don Baughan, and Patti Brockington

Encl. Exhibit A

3

**EXHIBIT A**

| | |
|---|---|
| **From:** | Vivek Tata |
| **To:** | Mark Pennak |
| **Subject:** | RE: Consent to file Amicus Brief -- Maryland Shall Issue v. Anne Arundel County, No. 23-1351 (4th Cir.) |
| **Date:** | Wednesday, July 26, 2023 11:21:00 AM |

Mark,

We disagree that the brief raises any new issues. We will file a letter with the court stating our position and noting that you continue to oppose filing the brief, notwithstanding your earlier consent.

**Vivek Tata**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: he, him, his

------------------------------------------
+1 212.390.9050  [O]
+1 202.230.6816  [M]

**From:** Mark Pennak <m.pennak@me.com>
**Sent:** Monday, July 24, 2023 9:51 PM
**To:** Vivek Tata <vtata@selendygay.com>
**Subject:** Fwd: Consent to file Amicus Brief -- Maryland Shall Issue v. Anne Arundel County, No. 23-1351 (4th Cir.)

Vivek: I have found the email. See below. I recognize that you provided the assurance, but, candidly, I think the survivors brief does in fact raise new issues for the reasons set forth in the Opposition. So, while I will concur that you procured consent, I cannot agree that the brief ought to be considered and I continue to object to it on that basis. Please so advise the court in any filing you may make. Thanks. Mark.

-------- Forwarded Message --------

**Subject:** RE: Consent to file Amicus Brief -- Maryland Shall Issue v. Anne Arundel County, No. 23-1351 (4th Cir.)
**Date:** Mon, 24 Jul 2023 22:54:25 +0000
**From:** Vivek Tata <vtata@selendygay.com>
**To:** Mark Pennak <m.pennak@me.com>

Mark,
See below for the emails concerning consent. I'll send over a short joint letter to you this evening with a plan to file tomorrow morning.

**Vivek Tata**

Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: he, him, his

------------------------------------------

+1 212.390.9050  [O]
+1 202.230.6816  [M]

---

**From:** Mark Pennak <m.pennak@me.com>
**Sent:** Monday, July 17, 2023 4:32 PM
**To:** Vivek Tata <vtata@selendygay.com>
**Subject:** Re: Consent to file Amicus Brief -- Maryland Shall Issue v. Anne Arundel County, No. 23-1351 (4th Cir.)

yes

On 7/17/2023 2:30 PM, Vivek Tata wrote:

> Mr. Pennak,
>
> As requested, we confirm that the brief we plan to file on behalf of survivors of firearm suicide does not expand the record and does not raise new issues on appeal.
>
> Please confirm you consent to the filing of the brief.
>
> Thank you.
>
>
> **Vivek Tata**
> Associate  [Email]
> Selendy Gay Elsberg PLLC  [Web]
> Pronouns: he, him, his
>
> ------------------------------------------
>
> +1 212.390.9050  [O]
> +1 202.230.6816  [M]
>
> ---
>
> **From:** Vivek Tata
> **Sent:** Friday, July 14, 2023 10:37 AM
> **To:** m.pennak@me.com
> **Cc:** Andrew Dunlap <adunlap@selendygay.com>
> **Subject:** Consent to file Amicus Brief -- Maryland Shall Issue v. Anne Arundel County, No. 23-1351 (4th Cir.)
>
> Mr. Pennak,
>
> I write to request consent to file an amicus brief in *Maryland Shall Issue v. Anne Arundel County*, No. 23-1351 (4th Cir.).  Our firm represents individuals who have been affected by firearm suicide, who plan to file a brief in support of appellee Anne Arundel County.

We believe amici will provide the court with a unique perspective on the issues on appeal.

Sincerely,

**Vivek Tata**
Associate  [Email]
Selendy Gay Elsberg PLLC  [Web]
Pronouns: he, him, his

---

+1 212.390.9050  [O]
+1 202.230.6816  [M]