IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| MARYLAND SHALL ISSUE, INC., *et al.* <br><br> *Plaintiffs-Appellants*, <br><br> v. <br><br> ANNE ARUNDEL COUNTY, MARYLAND, <br><br> *Defendant-Appellee*. | No. 23-1351 |

**RESPONSE IN SUPPORT OF AMICUS FILINGS**

Appellee Anne Arundel County, Maryland consents to all proposed amicus filings. As required under Federal Rule of Appellate Procedure 29(a)(3), proposed amici have the requisite "interest" in the case, and their briefs are "desirable" and "relevant to the disposition of the case." While Plaintiffs have informed this Court that they oppose three proposed amicus briefs, *see* Dkt. 46, Plaintiffs' objections are meritless.

Plaintiffs object to a brief submitted by family members of individuals who died by gun suicide and one individual who attempted gun suicide but survived. This brief explains that the proposed amici "strongly believe that information and resources about firearm suicide, such as the literature required by the Ordinance, could have prevented the deaths by suicide and the suicide attempt described in this

brief." Dkt. 42 at 2. Plaintiffs originally consented to this brief, *see id.* at 1, and Plaintiffs have not attempted to explain their revocation of that consent. In any event, it is difficult to understand Plaintiffs' argument (at 5) that the proposed brief "has no probative value" or "goes beyond the issues raised by the parties." Among other questions, this appeal presents the question whether the Ordinance is supported by a sufficiently weighty interest. *See* Plaintiffs' Br. 41 (arguing that the Ordinance is "trivial"). The proposed brief offers "unique information or perspective" that efforts like the Ordinance can save lives. *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997). As for Plaintiffs' argument (at 5) that the brief is "unfairly prejudicial," the Federal Rules of Evidence do not apply to amicus filings, and the fact that the proposed amicus brief powerfully refutes Plaintiffs' argument does not make the brief unfair or prejudicial.

Plaintiffs object to a brief submitted by Gun Owners for Safety, a coalition of "gun owners from varied backgrounds and political affiliations" who explain that the "information the Ordinance provides for is critical to safe and responsible gun ownership, and it is consistent with well-established policies and best practices within the firearms industry." Dkt. 32 at 1, 3. Plaintiffs declare this argument "irrelevant" (at 5), but one of Plaintiffs' principal arguments is that the information provided under the Ordinance is impermissibly "controversial." *See* Plaintiffs Br. 43 (arguing that the Ordinance is not "uncontroversial" because Plaintiffs "strongly

2

objected to the messages that the County's literature sends"). That gun owners broadly deem the information provided under the Ordinance uncontroversial and beneficial responds directly to an argument Plaintiffs make. The proposed brief is nothing like the out-of-circuit precedent Plaintiffs cite (at 2-3), where amici sought to "initiate, create, extend, or enlarge issues" not raised by the parties. *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 CIV. 7935 ALC, 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) (citation omitted); *see also Cellnet Commc'ns, Inc. v. FCC*, 149 F.3d 429, 443 (6th Cir. 1998) (declining to grant relief sought by amici but not by any party); *F.P. Dev., LLC v. Charter Twp. of Canton*, 16 F.4th 198, 203 (6th Cir. 2021) (declining to resolve ripeness argument raised by amicus but forfeited by the parties).

Plaintiffs finally object to an amicus brief submitted by the Constitutional Accountability Center ("CAC") responding in detail to Plaintiffs' First Amendment arguments. Unlike Plaintiffs' objections to the briefs filed by gun-suicide survivors and by Gun Owners for Safety—that these briefs are too different from the arguments raised by the County—Plaintiffs' objection to the CAC brief (at 6) is that it is too similar. Plaintiffs, however, acknowledge (at 7) that CAC makes arguments that the County does not. And even a cursory review of the CAC's brief confirms that it is not duplicative, as it provides helpful context explaining why the Ordinance satisfies the First Amendment, *see* Dkt. 28 at 3-17, and about the numerous federal,

3

state, and local laws that Plaintiffs' argument would call into question, *see id.* at 17-26.

The most detailed appellate decision addressing authorization to file an amicus brief over a party's objection was authored by then-Judge Alito for the Third Circuit. *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128 (3d Cir. 2002). For a host of reasons, he explained, "a broad reading" of Rule 29 "is prudent." *Id.* at 132. An amicus "may provide important assistance to the court" given that "[s]ome amicus briefs collect background or factual references that merit judicial notice," some amici "are entities with particular expertise not possessed by any party," and some "argue points deemed too far-reaching for emphasis by a party intent on winning a particular case." *Id.* (citation omitted). "A restrictive policy with respect to granting leave to file may also create at least the perception of viewpoint discrimination," and may "convey an unfortunate message about the openness of the court." *Id.* at 133. As the unnecessary briefing here confirms, "the time required for skeptical scrutiny of proposed amicus briefs may equal, if not exceed, the time that would have been needed to study the briefs at the merits stage if leave had been granted." *Id.* Accordingly, leave to file amicus briefs should be granted "unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Id.* This approach is "consistent with the predominant practice in the courts of appeals." *Id.*; *accord Lefebure v. D'Aquilla*, 15 F.4th 670,

4

674-675 (5th Cir. 2021) (noting that "courts should welcome amicus briefs," and that denying leave to file "would contradict the whole point of our adversarial legal system, which relies on the robust exchange of competing views to ensure the discovery of truth and avoid error").

This Court routinely accepts numerous amicus briefs for filing. *See, e.g.*, *Grimm v. Gloucester Cnty. Sch. Bd.*, No. 19-1952 (4th Cir.) (nine amicus briefs); *Mayor & City Council of Balt. v. Azar*, No. 19-1614 (4th Cir.) (ten amicus briefs). And this Court grants leave to file amicus briefs even when not all parties consent. *See Long v. Hooks*, No. 18-6980, Dkt. 33 (4th Cir.) (granting motions to file amicus briefs where one party withheld consent). Plaintiffs offer no reason to depart from that practice and subject three amici to "seemingly disparate treatment" here. *See Neonatology Assocs.*, 293 F.3d at 133.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td>Gregory J. Swain<br>   County Attorney<br>Hamilton F. Tyler<br>   Deputy County Attorney<br>Tamal A. Banton<br>   Senior Assistant County Attorney<br>Anne Arundel County Office of Law<br>2660 Riva Road, 4th Floor<br>Annapolis, Maryland 21401<br>(410) 222-7888</td><td>/s/ Neal Kumar Katyal<br>Neal Kumar Katyal<br>William E. Havemann<br>Simon Chin<br>Hogan Lovells US LLP<br>555 Thirteenth Street, N.W.<br>Washington, D.C. 20004<br>(202) 637-5600<br>neal.katyal@hoganlovells.com<br><br>Eric Tirschwell<br>James Miller<br>Nina Sudarsan<br>Everytown Law<br>450 Lexington Avenue<br>P.O. Box 4184<br>New York, NY 10017<br>(646) 324-8222</td></tr>
<tr><td>July 26, 2023</td><td></td></tr>
</table>

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in Times New Roman 14-point font using Microsoft Word 2010. I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,025 words.

July 26, 2023                                         /s/ Neal Kumar Katyal
                                                      Neal Kumar Katyal

## CERTIFICATE OF SERVICE

I certify that on July 26, 2023, I filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

July 26, 2023                              /s/ Neal Kumar Katyal
                                           Neal Kumar Katyal