

July 27, 2023

Via ECF
Patricia S. Connor
Clerk of Court
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re:　*Maryland Shall Issue, Inc., et al. v. Anne Arundel County, Maryland,*
　　　No. 23-1351 (4th Cir.).

Dear Ms. Connor:

This Letter is respectfully submitted in response to the letter submitted on July 26, 2023, by counsel for proposed amici, Dorothy Paugh, Gwendolyn La Croix, Cheryl Brooks, Don Baughan, and Patti Brockington ("Paugh amici"). Counsel for these amici did in fact request consent from plaintiffs-appellants to file it amici brief and assured counsel for plaintiffs at that time that the proposed brief for these amici would not raise new issues or go beyond the arguments raised by the parties. Based on that assurance, counsel for plaintiffs consented and the Paugh amici thereafter filed a motion for leave on July 17, 2023. Dkt. # 41. The Paugh amici motion for leave to file thus correctly stated that "[a]ll parties consent to the filing of Movants' brief." Motion at 2.

However, while this Court accepted the proposed briefs of other amici to whom plaintiffs had given consent, this Court nonetheless declined (for whatever reason) to accept the proposed amicus brief of the Paugh amici and ordered plaintiffs to submit a response to the motion filed by these amici, with a response date of July 28, 2028. Dkt. # 44. Accordingly, plaintiffs filed a response, on July 24, 2023, objecting to the brief of the Paugh amici. Dkt. # 46. That response also objected to the amicus briefs of two other proposed amici as to whom this Court had likewise ordered a response. See Dkt. ## 29, 34. As detailed in that combined response, plaintiffs believe that these amici, including the Paugh amici, have gone outside the proper scope of amicus participation. Plaintiffs stand by those objections.

The Paugh amici, in their letter of July 26, 2023, state that the Court's order requiring a response was due to a "docketing error" in the Clerk's office. Plaintiffs have no way of knowing if that is correct and thus take no position on that assertion. This letter of July 26, 2023, does accurately state that plaintiffs have declined to withdraw their opposition to the proposed brief of the Paugh amici because, in plaintiffs' view, the brief of Paugh amici does in fact "raise new issues and arguments" and is otherwise inappropriate under Rule 29, FRAP. Such an amicus brief is contrary to the assurance received from counsel for the Paugh amici and vitiates the consent that was only given because of that assurance. As detailed in the response, such amici briefs go beyond the scope of proper amicus participation.

1

The July 26, 2023, letter of the Paugh amici also argues that the response filed by plaintiffs was "procedurally improper" (at 2), but that is plainly incorrect. There is nothing remotely "procedurally improper" about filing a response that *was directed by an order of this Court*. That response was filed in good faith, filed on time (early with respect to the Paugh amici) and was perfectly procedurally appropriate. The July 26, 2023, letter of the Paugh amici then proceeds to argue the merits concerning whether the amicus brief of the Paugh amici actually does raise new issues and is otherwise appropriate under Rule 29, FRAP. However, such merits arguments are not a proper subject for a letter to the Clerk. The defendant-appellee, Anne Arundel County, has already filed a reply addressing such matters. Dkt. #48. The Paugh amici presumably are free to do the same, but the Paugh amici have not done so. Such a reply would be the "procedurally proper" approach, not a letter to the Clerk. The Court (and the Clerk) should thus disregard those merits portions of the July 26, 2023, letter submitted by the Paugh amici.

Sincerely,

*/s Mark W. Pennak*

Mark W. Pennak, Counsel for Plaintiffs
cc: All Counsel via ECF.