

November 11, 2023

VIA ECF

Nwamaka Anowi, Clerk of the Court
United States Court of Appeals
 for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:　*Maryland Shall Issue, Inc., et al. v. Anne Arundel County, Maryland,*
　　　Case No. 23-1351 (4th Cir.).

Dear Ms Anowi:

　　　Pursuant to Rule 28(j), FRAP, and Local Rule 28(e), plaintiffs-appellants respectfully bring to the Court's attention *National Association of Wheat Growers v. Bonta*, --- F.4th ----, 2023 WL 7314307 (9th Cir. Nov. 7, 2023), *affirming* 468 F.Supp. 3d 1247 (E.D. Cal. 2020). Please distribute this letter and attached opinion to the panel hearing argument in this case December 8, 2023.

　　　In *Wheat Growers,* the court of appeals held that the warnings for glyphosate required by a California statute were not "purely factual and uncontroversial" under *Zauderer v. Off. of Disciplinary Couns. of Sup. Ct. of Ohio*, 471 U.S. 626 (1985), as construed in *Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 138 S. Ct. 2361 (2018) ("*NIFLA*"). The court of appeals reasoned that the warnings, in their "totality" (slip op. *14), were misleading from the perspective of "an ordinary consumer" and were "controversial" from "the subjective standpoint of the speakers" as well as from "an objective scientific standpoint." Id. *12. The court noted that "[t]he position that *Zauderer* should apply in the absence of a prevention-of-deception rationale is itself controversial in this Circuit." Id. *10 n.9. The court also held that the warnings could not be justified under intermediate scrutiny. Id. at *16

　　　Plaintiffs have relied on the district court's decision in *Wheat Growers* (Reply 19) and the court of appeals' affirmance supports plaintiffs' argument that County's literature at issue in this case is neither "purely factual" nor "uncontroversial." Br. of Appellants 36, Reply 13. Plaintiffs-Appellants have likewise argued that *Zauderer* is "limited to 'purely factual and uncontroversial information about the terms under which … services will be available,'" *NIFLA*, 138 S.Ct. at 2372, quoting *Zauderer,* 471 U.S. at 651, and is thus limited to only such compelled disclosures necessary for the prevention of deception with respect to *services* being offered. See Br. of Appellants 16-17; Reply 2-6. *Wheat Growers* recognized that point in noting that any broader

application of *Zauderer* was "controversial." The decision likewise supports plaintiffs' argument that the County's ordinance likewise fails intermediate scrutiny. Brief 27-28; Reply 8-9.[1]

Respectfully submitted,

*/s Mark W. Pennak*

Mark W. Pennak, Counsel for Plaintiffs-Appellants

cc: All Counsel via ECF.

---

[1] Undersigned counsel certifies that the body of this letter contains 343 words and is thus compliant with the 350-word limit of Rule 28(j).